ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| THYFANNIE NAILLYL GUZMÁN<br><br>Parte Recurrida<br><br>v.<br><br>RAFAEL PEREIRA BISONO<br><br>Parte Peticionaria | KLCE202301218 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2021RF00564 consolidado con C FI2017-011 AR2022RF00252<br><br>Sobre: Filiación, alimentos y relaciones filiales |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece el señor Rafael Pereira Bisonó mediante recurso de *certiorari* instado el 3 de noviembre de 2023. Solicita que revoquemos la *Resolución* emitida el 2 de octubre de 2023, y notificada el 4 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. Mediante el referido dictamen, el TPI autorizó que la hija de las partes fuera matriculada en un colegio de Arecibo para el semestre que inicia en enero de 2024.

Evaluado el recurso, y su apéndice, resolvemos denegar la expedición del auto de *certiorari*.

I.

El señor Rafael Pereira Bisonó (Sr. Pereira) y la señora Thyffanie N. Guzmán Fernández (Sra. Guzmán) son los progenitores de una niña (nacida el 16 de mayo de 2016) y un niño (nacido el 13

de abril de 2021). Los menores se encuentran bajo la custodia de la Sra. Guzmán y residen en el municipio de Arecibo. El Sr. Pereira reside en Caguas y mantiene relaciones paternofiliales con los menores.

En atención a la solicitud de custodia compartida del Sr. Pereira, la Unidad Social de Relaciones de Familia y Asuntos de Menores del Tribunal presentó un Informe Social Forense el 2 de diciembre de 2022, en el que recomendó la custodia monoparental a favor de la Sra. Guzmán. Ante el desacuerdo del Sr. Pereira con lo recomendado, el TPI inició un proceso para la impugnación del informe social.

En el interín, la Sra. Guzmán solicitó al tribunal que resolviera el asunto concerniente al lugar de estudios de la niña. Explicó que la menor estudia en el Colegio La Inmaculada de Manatí, mientras que el otro menor está en un *Head Start* en Arecibo. Expuso que el proceso de llevar a la niña a Manatí le ocupa una hora y treinta minutos de viaje en la mañana y en la tarde, lo que presuntamente le impide obtener y cumplir el horario de un empleo. La Sra. Guzmán también aludió a la carga económica que representa llevar a la menor diariamente de su residencia en Arecibo hasta Manatí. Por lo anterior, solicitó al tribunal que, para el año escolar 2023-2024, autorizara el traslado del lugar de estudios de la menor al pueblo de Arecibo y, sugirió tres colegios para fines de matrícula.

El Sr. Pereira se opuso al cambio de colegio por las siguientes razones: (1) la Sra. Guzmán se trasladó de Bayamón a Arecibo sin previa notificación, ni siquiera al tribunal; (2) que parte de sus razones para mudarse fueron que recibiría la ayuda de colaterales que ahora no están disponibles; (3) la Sra. Guzmán tiene un tracto de incumplimiento con las órdenes judiciales; y (4) el colegio en Manatí fue el resultado de un acuerdo entre las partes, avalado

mediante resolución de 29 de junio de 2021, y ratificado en la resolución de 7 de marzo de 2022.

El 11 de septiembre de 2023, inició la vista de impugnación del informe social. Al día siguiente, durante la continuación de dicha vista, entre otros asuntos, las partes argumentaron respecto a la controversia relacionada con el lugar de estudios de la menor. Mediante *Resolución* emitida el 2 de octubre de 2023, el TPI autorizó que se matriculara a la niña en un colegio en Arecibo para el semestre de enero de 2024.

Inconforme con lo anterior, el Sr. Pereira presentó el recurso de *certiorari* que nos ocupa y apuntó los siguientes señalamientos de error:

> Primer error: Erró el Honorable Tribunal de Primera Instancia al autorizar un cambio de colegio en el transcurso de juicio plenario, sin celebrar una vista evidenciaria sobre dicho particular, lo cual constituyó un claro abuso de discreción, parcialidad, prejuicio y error manifiesto.

> Segundo error: Erró el Honorable Tribunal de Primera Instancia al emitir determinaciones de hechos en virtud de prueba que no ha sido desfilada aún, a base de alegaciones, lo que constituye un prejuicio y parcialidad, violentando así el debido proceso de ley del [peticionario].

## II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[1]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[2], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[3] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[2] 32 LPRA Ap. V, R. 52.1.
[3] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[4] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[5] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[4] *Íd.*
[5] 4 LPRA Ap. XXII-B, R. 40.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[6] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[7]

III.

La Regla 52.1 de Procedimiento Civil, *supra,* permite, por excepción, que este Tribunal revise resoluciones u órdenes interlocutorias dictadas por el TPI en casos de relaciones de familia. Sin embargo, la expedición del recurso de *certiorari* es un ejercicio discrecional. Tal discreción tiene que ajustarse a los criterios dispuestos en la Regla 40 del Reglamento de este Tribunal.

Evaluada la solicitud del Sr. Pereira, concluimos que ésta no cumple con ninguno de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal. Al examinar los argumentos esbozados por el Sr. Pereira en su recurso y considerando que el caso se encuentra inmerso en un proceso de impugnación de informe social, no encontramos razón alguna para intervenir con la discreción del tribunal en esta etapa de los procedimientos. No surge que el tribunal haya abusado de su discreción y autoridad para tomar

---

[6] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[7] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

medidas provisionales en interés de la menor en lo que finalmente se dilucida la controversia entre las partes.

En virtud con lo anterior, y en ausencia de los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, nos abstenemos de intervenir con el dictamen recurrido.

IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Rivera Marchand disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| THYFANNIE NAILLYL GUZMÁN<br><br>Parte Recurrida<br><br>v.<br><br>RAFAEL PEREIRA BISONÓ | KLCE202301218 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2021RF00564 consolidado con C FI2017-011 AR2022RF00252<br><br>Sobre: Filiación, alimentos y relaciones filiales |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**VOTO DISIDENTE DE LA JUEZA RIVERA MARCHAND**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Respetuosamente disiento de la determinación de la mayoría del panel, por entender que procede expedir el auto de *certiorari*, y revocar el dictamen recurrido mediante el cual el foro primario ordenó un cambio de escuela, a mitad de año escolar, de forma provisional y sin recibir la prueba fehaciente en la que se demuestren los factores en el interés de la menor en este caso.

Como se sabe, nuestro Código Civil establece que la patria potestad es el conjunto de deberes y derechos que corresponden a los progenitores sobre la persona y los bienes de los hijos, desde que estos nacen hasta que alcanzan la mayoría de edad u obtienen su emancipación. 32 LPRA 7243. Con ello en mente y atinente a la presente causa, es preciso destacar que nuestra jurisprudencia ha sido consistente en sostener que en nuestra jurisdicción el interés del menor está revestido del más alto interés público y que los tribunales, en protección de ese interés y en el ejercicio del poder de *parens patrie* tiene amplias facultades y discreción. *Martínez v.*

*Ramirez Tío* 133 DPR 219 (1993). Sin embargo ese poder no es irrestricto. Ciertamente los asuntos que atienden las salas de familia son complicados y la discreción ejercida por el foro primario debe ser aquilatada de acuerdo con la totalidad de las circunstancias y un contexto razonable. *Marchago Olivella v. Martínez Schmidt* 188 DPR 404, 414 (2013) Opinión de conformidad por el Juez Asociado Señor Kolthoff Caraballo a la cual se unen la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Rivera García.

Del expediente surge que, mientras se dilucidaba una vista sobre impugnación de informe sobre custodia compartida, -y sin que se concluyera el desfile de prueba- el TPI entretuvo asuntos de calendario y alegaciones de los representantes legales de las partes sobre un cambio de escuela para la hija menor de las partes. El foro primario acogió la postura de la demandante y ordenó trasladar la menor de colegio "provisionalmente" en lo que se termina el caso. (Véase pág. 3 de la Resolución emitida el 2 de octubre de 2023). El demandado se opuso y suplicó que, la determinación judicial se emitiera una vez se aquilatara la totalidad de la prueba.

Del expediente no surge que el foro de instancia haya tomado en consideración si hubo un cambio en las necesidades del menor que ameritara alterar el estado de derecho a mitad de un año escolar. Tampoco se desprende si lo adecuado era ordenar un cambio abrupto, el cual posiblemente podría estar sujeto a un cambio nuevamente toda vez que, la orden es de naturaleza provisional. De esta forma el TPI entretuvo alegaciones de las partes desde el punto de vista procesal y sus posturas sobre algunas conveniencias en esta etapa de los procesos, aun cuando no se ha concluido el desfile de prueba. No surge del expediente que, al adjudicar la controversia, el TPI haya identificado de forma fehaciente que su determinación haya respondido al mejor bienestar de la menor. El cambio de escuela a mitad de año escolar no debe

ser un asunto tratado livianamente de forma provisional, sin que se consignen los fundamentos que beneficien la menor en esta etapa de los procesos. Véase *Rivera Ríos, Ex parte* 173 DPR 678 (2008).

En aras de garantizar el acceso a la justicia para ambas partes y la menor, procede la celebración de una vista evidenciaria expedita en la cual se logre dilucidar las necesidades actuales de la menor, los posibles efectos del cambio de escuela a mitad de año escolar, así como los factores de la conveniencia de su madre y su padre dentro de un debido proceso de ley.  Respetuosamente, disiento.


**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**